UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BARRY GARNER<br>704 Cornelia NE<br>Canton, OH 44705<br><br>on behalf of himself and all others<br>similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>DETROIT DIESEL CORPORATION<br>c/o Statutory Agent CT Corporation<br>System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Barry Garner, by and through the undersigned counsel, and for his Complaint against Detroit Diesel Corporation ("Detroit Diesel" or "Defendant"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a resident of Stark County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant was a for profit corporation organized and existing under the laws of the State of Delaware, licensed to conduct business in the State of Ohio, with physical locations in Canton, Ohio and Cambridge, Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Defendant manufactures vehicle parts and operates distribution centers/warehouses.

14. Plaintiff Garner was employed by Defendant between July 2019 and September 2019 as a picker/packer at Defendant's Canton, Ohio facility.

15. Plaintiff and other similarly situated employees were employed as manufacturing and/or warehouse employees.

16. Plaintiff and other similarly situated manufacturing and/or warehouse employees had the same and/or substantially similar job duties and/or responsibilities and were subjected to the same policies and procedures.

17. Plaintiff and other similarly situated manufacturing and/or warehouse employees were non-exempt employees under the FLSA.

18. Plaintiff and other similarly situated manufacturing and/or warehouse employees were paid an hourly wage.

**(Failure to Pay for All Hours Worked)**

19. Plaintiff and other similarly situated manufacturing and/or warehouse employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: a) getting tools and equipment that were necessary to perform their work; b) attending meetings and getting instructions about the work they needed to perform; c) walking to their assigned area of the floor; and/or d) performing their work.

**(Failure to Pay for Time Spent Retrieving Tools)**

20. Plaintiff and other similarly situated manufacturing and/or warehouse employees retrieved tools and/or equipment necessary to perform their work.

21. The time Plaintiff and other similarly situated employees spent retrieving tools and/or equipment necessary to perform their work was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

22. Retrieving tools and/or equipment is an intrinsic element of their job duties. Plaintiff and other similarly situated manufacturing and/or warehouse employees cannot dispense with retrieving tools and/or equipment if they are to perform their work in a safe and efficient environment.

23. Plaintiff and other similarly situated manufacturing and/or warehouse employees were not paid for the time spent retrieving tools and/or equipment necessary to perform their work.

**(Failure to Pay for Meeting/Instruction Time)**

24. After gathering their tools and/or equipment, Plaintiff and other similarly situated manufacturing and/or warehouse employees received instructions about the work they needed to perform and/or attended meetings.

25. The time Plaintiff and other similarly situated manufacturing and/or warehouse employees spent receiving instructions about the work they needed to perform and/or attending meetings was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

26. Receiving instructions about the work they needed to perform and/or attending meetings is an intrinsic element of the manufacturing/warehousing process. Plaintiff and other similarly situated manufacturing and/or warehouse employees cannot dispense with receiving instructions of what work they needed to complete or attending meetings if they are to perform

their manufacturing/warehouse work.

27. Plaintiff and other similarly situated manufacturing and/or warehouse employees were not paid for time they spent receiving instructions and/or attending meetings necessary to perform their manufacturing/warehouse work.

**(Failure to Pay for Walk Time)**

28. After gathering their tools and/or equipment and receiving instructions/attending meetings, Plaintiff and other similarly situated manufacturing and/or warehouse employees walked from the instruction/meeting location to the production/warehouse floor.

29. Plaintiff and other similarly situated manufacturing and/or warehouse employees were not paid for this walk time.

**(Failure to Pay for Performing Manufacturing/Warehouse Work)**

30. Plaintiff and other similarly situated manufacturing and/or warehouse employees were often required to arrive to the floor prior to the start of their shift and begin performing their manufacturing/warehouse work.

31. Performing their work is a principal activity Plaintiff and other similarly situated manufacturing and/or warehouse employees.

32. Plaintiff and other similarly situated manufacturing and/or warehouse employees were not paid for the time spent performing their work prior to the start of their shifts.

**(Failure to Pay Overtime Compensation)**

33. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated manufacturing and/or warehouse employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

34. The amount of time Plaintiff and other similarly situated employees spent on this requested and unpaid work amounted to approximately 15 to 40 minutes each day.

35. Plaintiff estimates that he worked on average between 40 and 50 hours per workweek.

**(Failure to Keep Accurate Records)**

36. Upon information and belief, Defendant failed to make, keep and preserve accurate records of all of the unpaid work performed by Plaintiff and other similarly situated manufacturing and/or warehouse employees.

**(Defendant Willfully Violated the FLSA)**

37. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings Count One of this action on his own behalf, pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

39. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current manufacturing and/or warehouse employees of Detroit Diesel Corporation between January 17, 2017 and the present.

40. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several hundred persons.

41. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former manufacturing and/or

warehouse employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

42. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All former and current manufacturing and/or warehouse employees of Detroit Diesel Corporation between January 17, 2017 and the present.

44. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

45. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its manufacturing/warehouse employees for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

7

46. The claims of the named Plaintiff Barry Garner are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

47. Named Plaintiff Barry Garner will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

48. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**
### **(Fair Labor Standards Act Violations)**

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Defendant's practice and policy of not paying Plaintiff and other similarly situated manufacturing and/or warehouse employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

52. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated manufacturing and/or warehouse employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

53. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

54. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing and/or warehouse employees have been damages in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(Violations of Ohio Revised Code 4111.03)**

55. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56. Defendant's practice and policy of not paying Plaintiff and other similarly situated manufacturing and/or warehouse employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the OMFWSA, R.C. § 4111.03.

57. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated manufacturing and/or warehouse employees violated the OMFWSA, R.C. § 4111.03.

58. By engaging in the above-mentioned conduct, Defendant willfully, knowingly

and/or recklessly violated the provisions of the OMFWSA.

59. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing and/or warehouse employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)

                Chastity L. Christy (0076977)
                Anthony J. Lazzaro (0077962)
                The Lazzaro Law Firm, LLC
                The Heritage Bldg., Suite 250
                34555 Chagrin Blvd.
                Moreland Hills, Ohio 44022
                Phone: 216-696-5000
                Facsimile: 216-696-7005
                lori@lazzarolawfirm.com
                chastity@lazzarolawfirm.com
                anthony@lazzarolawfirm.com
                Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

                /s/ Lori M. Griffin
                One of the Attorneys for Plaintiff