UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARRY GARNER, on behalf of himself and others similarly situated, | ) CASE NO. 5:20-cv-109 |
| | ) |
| | ) JUDGE BENITA Y. PEARSON |
| Plaintiff, | ) |
| | ) |
| vs. | ) **JOINT MOTION FOR FINAL** |
| | ) **APPROVAL OF SETTLEMENT AND** |
| DETROIT DIESEL CORPORATION, | ) **STIPULATION OF DISMISSAL WITH** |
| | ) **PREJUDICE** |
| Defendant. | ) |

The Parties respectfully move this Honorable Court to review the Parties' Joint Stipulation of Settlement and Release (the "Settlement") and for a Final Order approving the Settlement as fair and reasonable and dismissing the Action with prejudice. In support of this motion, the Parties state:

1. Representative Plaintiff Barry Garner ("Representative Plaintiff") commenced the Action on behalf of himself and all others allegedly similarly situated to him with respect to the claims he asserted.

2. On January 17, 2020, Representative Plaintiff filed his Complaint against Defendant Detroit Diesel Corporation ("Defendant") alleging that Defendant failed to pay Representative Plaintiff and allegedly similarly situated employees for all time worked and overtime compensation at the rate of one and one-half times his regular rate of pay for all hours worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wages Standards Act ("OMFWSA"), R.C. § 4111.03. (ECF No. 1.)

3. Specifically, Representative Plaintiff alleged that he and other allegedly similarly-

situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop time: a) getting tools and equipment that were necessary to perform their work; b) attending meetings and getting instructions about the work they needed to perform; c) walking to their assigned area of the floor; and/or d) performing their work. (ECF No. 1.)

4. Defendant denied these allegations and maintained it properly paid Representative Plaintiff and all other employees for all hours worked. (ECF No. 6).

5. On May 6, 2020, the Parties filed their Joint Stipulation to Conditional Certification and Notice, stipulating to the following collective:

> All former and current non-exempt Warehouse Technicians, excluding maintenance positions, employed by Detroit Diesel Corporation at its Canton, Ohio Parts Distribution Center ("PDC") between June 5, 2017 and June 5, 2020 and who worked at least 40 hours in a workweek.

(ECF No. 16.)

6. On May 7, 2020, this Court approved the Parties' Joint Stipulation to Conditional Certification and Notice. (ECF No. 17.)

7. On May 8, 2020, the Parties filed their Joint Notice of Filing Important Notice to Potential Class Members and Consent Form. (ECF No. 18.)

8. On May 8, 2020, this Court approved the Parties' Important Notice to Potential Class Member and Consent Form. (ECF No. 19.)

9. On June 5, 2020, the Notice was mailed to potential class members, and the Notice Period closed on July 6, 2020. (Exhibit 2, Declaration of Chastity L. Christy, ¶ 25.)

10. In addition to Representative Plaintiff, 10 individuals in the putative collective opted in as Opt-In Plaintiffs (collectively "Plaintiffs"). (*Id.* at ¶ 26.)

11. Between April 2020 and December 2020, the Parties exchanged information and

engaged in numerous telephone discussions regarding the calculation of alleged damages and potential resolution of Plaintiffs' claims. (*Id.* at ¶ 27.)

12. Between August 2020 and December 2020, the Parties engaged in settlement negotiations, including the exchange of letters and discussions between Counsel for the Parties detailing the Parties' legal and factual positions and defenses. (*Id.* at ¶ 29.)

13. In an effort to reach a compromise and avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1. (*Id.* at ¶ 32.)

14. The Parties engaged in substantial investigation and formal and informal discovery prior to negotiating the Settlement. (*Id.* at ¶ 18.) Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific Complaint for the Court and Defendants. (*Id.*)

15. The Parties engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendants' defenses to such claims. This included a complete analysis and calculations of Plaintiffs' alleged overtime damages. (*Id.* at ¶ 19.)

16. The Parties engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties. (*Id.* at ¶ 20.)

17. Bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA. (*Id.* at ¶ 30.)

18. Furthermore, there is a bona fide dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as Defendants claim it did not act in willful disregard of the law and it has a good faith defense. (*Id.* at ¶ 31.)

19. The Settlement covers Representative Plaintiff and the 10 Opt-In Plaintiffs who opted into the Action and consented to be bound by any settlement reached by the Parties. (*Id*. at ¶ 26.) Because the proposed Settlement is an FLSA *opt-in* settlement, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, and because the Opt-In Plaintiffs already consented to Barry Garner as Representative Plaintiff and to be bound by any settlement and/or judgement in this case, no fairness hearing is required or requested by the Parties.[1]

20. Plaintiffs' Individual Payments are based proportionally on each Plaintiff's alleged overtime damages during the Released Period. (*Id.* at ¶ 38.)

21. Between June 2017 and June 2020, Plaintiffs allege they were denied approximately $6,440.19 in overtime compensation for 5 minutes of unpaid work per shift; $12,880.38 in overtime compensation for 10 minutes of unpaid work per shift; or $19,320.57 in overtime compensation for 15 minutes of unpaid work per shift. (*Id.* at ¶ 36.) Defendant denies that Plaintiffs are owed any additional overtime compensation and maintains that they were properly paid for all hours worked. (*Id.*)

22. The Settlement Agreement provides that Nineteen Thousand Three Hundred Twenty Dollars and Fifty-Seven Cents ($19,320.57) will be paid to Plaintiffs for alleged damages over the three-year statute of limitations period. As such, pursuant to the Settlement, each Plaintiff will receive 100% of their allegedly owed overtime compensation of 15 minutes of unpaid work per shift. (*Id.* at ¶ 37.)

---

[1] *See Moore v. Ackerman Inv. Co.*, C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

23. Plaintiffs' counsel Chastity L. Christy believes that the proposed Settlement is in the best interests of Plaintiffs. (*See* Exhibit 2.)

24. The proposed Settlement is contingent upon the Court's review and approval of it and issuance of a Final Order approving the Settlement as fair and reasonable.

25. The Parties, pursuant to Fed. R. Civ. P. 41(a)(1)(ii) and based upon the attached Settlement, hereby stipulate to the dismissal of this case with prejudice. Except as otherwise provided in the Settlement, the Parties agree to bear their own attorneys' fees and costs. The Parties request that the Court retain jurisdiction to enforce the terms of the Settlement.

WHEREFORE, the Parties request that the Court review the Settlement and issue a Final Order (*see* Exhibit 3) approving it as fair and reasonable, and that this case be stipulated as dismissed with prejudice.

Respectfully submitted,

/s/ Chastity L. Christy
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com

Attorneys for Plaintiffs

/s/ Adam J. Rocco
Adam J. Rocco (0083807)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43215
(614) 464.6286
(614) 719.4804 facsimile
ajrocco@vorys.com

Thomas R. Crookes (0038969)
Ashley M. Manfull (0071372)
Vorys, Sater, Seymour and Pease LLP
106 S. Main Street, Suite 1100
Akron, OH 44308
(330) 208-1000
(330) 208-1001 facsimile
trcrookes@vorys.com
ammanfull@vorys.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that on February 11, 2021, a copy of the foregoing *Joint Motion For Approval Of Settlement And Stipulation Of Dismissal With Prejudice* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

                                                  /s/ Chastity L. Christy
                                                  Chastity L. Christy