UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARRY GARNER, on behalf of himself and others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DETROIT DIESEL CORPORATION,<br><br>　　　　Defendant. | ) CASE NO. 5:20-cv-109<br>)<br>) JUDGE BENITA Y. PEARSON<br>)<br>)<br>)<br>)<br>) **FINAL ORDER OF DISMISSAL AND**<br>) **APPROVING SETTLEMENT**<br>)<br>)<br>) |

THIS CAUSE having come before the court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement"), and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

　　　1.　　On January 17, 2020, Plaintiff Barry Garner ("Representative Plaintiff") filed his Complaint against Defendant Detroit Diesel Corporation ("Defendant") alleging that Defendant failed to pay Plaintiff and allegedly similarly situated employees for all time worked and overtime compensation at the rate of one and one-half times his regular rate of pay for all hours worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wages Standards Act ("OMFWSA"), R.C. § 4111.03. (ECF No. 1.)

　　　2.　　Specifically, Representative Plaintiff alleged that he and other allegedly similarly-situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop time: a) getting tools and equipment that were necessary to perform their work; b)

attending meetings and getting instructions about the work they needed to perform; c) walking to their assigned area of the floor; and/or d) performing their work. (*Id.*)

3. Defendant denied these allegations and maintained it properly paid Plaintiff and all other employees for all hours worked. (ECF No. 6).

4. On May 6, 2020, the Parties filed their Joint Stipulation to Conditional Certification and Notice, stipulating to the following collective:

> All former and current non-exempt Warehouse Technicians, excluding maintenance positions, employed by Detroit Diesel Corporation at its Canton, Ohio Parts Distribution Center ("PDC") between June 5, 2017 and June 5, 2020 and who worked at least 40 hours in a workweek.

(ECF No. 16.)

5. On May 7, 2020, this Court approved the Parties' Joint Stipulation to Conditional Certification and Notice. (ECF No. 17.)

6. On May 8, 2020, the Parties filed their Joint Notice of Filing Important Notice to Potential Class Members and Consent Form. (ECF No. 18.)

7. On May 8, 2020, this Court approved the Parties' Important Notice to Potential Class Member and Consent Form. (ECF No. 19.)

8. On June 5, 2020, the Notice was mailed to potential class members, and the Notice Period closed on July 6, 2020. (Declaration of Chastity L. Christy, ¶ 25.)

9. In addition to Representative Plaintiff, 10 individuals in the putative collective opted in as Opt-In Plaintiffs (collectively "Plaintiffs"). (*Id.* at ¶ 26.)

10. The Parties stipulated to this Court that they engaged in substantial investigation and discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to Plaintiffs' claims and Defendant's defenses.

11. The Parties stipulated to this Court that they engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. This included a complete analysis and calculation of Plaintiffs' alleged overtime damages.

12. The Parties advised this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

13. Between August 2020 and December 2020, the Parties engaged in settlement negotiations, including the exchange of letters and discussions between Counsel for the Parties detailing the Parties' legal and factual positions.

14. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to alleged unpaid overtime compensation under the FLSA and/or OMFWSA.

15. Furthermore, there is a bona fide dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages based on Defendant's claims it did not act in willful disregard of the law and has a good faith defense.

16. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties' Joint Motion.

17. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act.

18. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

19. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provided by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this  12th  day of _____February_____, 2021.


                         ./s/ *Benita Y. Pearson*
                         HONORABLE JUDGE BENITA Y. PEARSON